**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 01-4407

MARIAN TURNER,

Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-00-28-JFM)

Submitted: October 31, 2002

Decided: November 22, 2002

Before WILKINS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Kathleen O. Gavin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Marian Turner appeals her sentence for one count of bank fraud and aiding and abetting such fraud in violation of 18 U.S.C. §§ 2, 1344(a) (2000). On appeal, Turner claims the district court erred by finding she was responsible for $1,079,500 in loss and that the loss affected her employer, First Union National Bank. Accordingly, Turner's offense level was increased by four pursuant to *U.S. Sentencing Guidelines Manual* § 2F1.1(b)(8)(B) (2000). In addition, Turner claims the district court erred by finding she abused a position of trust and increasing her offense level by two pursuant to USSG § 3B1.3.\* Finding no reversible error, we affirm.

Turner was the Teller Coordinator at the Pikesville branch of the First Union National Bank. Part of her responsibilities included monitoring the cash flow in and out of the cash vault. From June 1998 until December 1999, Turner took money from the vault and created false records to hide her theft. A December 1999 audit uncovered a shortage in the cash vault of over $1,000,000.

We review a district court's factual findings at sentencing for clear error. If a preponderance of the evidence supports the factual finding, it will not be disturbed on appeal. *United States v. Carter*, 300 F.3d 415, 427 (4th Cir. 2002). "The burden of showing something by a 'preponderance of the evidence' . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Concrete Pipe & Prods., Inc. v. Construction Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the review-

---

\*Turner has abandoned as moot her claim regarding restitution.

ing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record reviewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 573-74. We find the district court did not clearly err in assessing the loss to the financial institution at $1,079,500. Accordingly, the enhancement to the offense level pursuant to USSG § 2F1.1(b)(8)(B) was proper.

We further find the district court did not err in finding that Turner abused a position of trust in the commission of the offense. *United States v. Gordon*, 61 F.3d 263, 268 (4th Cir. 1995).

Accordingly, we affirm Turner's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*